UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| JAMES EDWARD PRIMER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:10CV47 SNLJ |
| | ) |
| STEVEN GRAY, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of James Primer for leave to commence this action without prepayment of the filing fee pursuant to 28 U.S.C. § 1915. Upon consideration of the financial information provided with the motion, the Court finds that plaintiff is financially unable to pay any portion of the filing fee. As a result, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. Furthermore, after reviewing the complaint, the Court will partially dismiss the complaint and will order the Clerk to issue process or cause process to be issued on the non-frivolous portions of the complaint.

**28 U.S.C. § 1915(e)**

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune

from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." Neitzke v. Williams, 490 U.S. 319, 328 (1989); Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. Spencer v. Rhodes, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), aff'd 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007).

**The Complaint**

Plaintiff brings this action under 42 U.S.C. § 1983 seeking declaratory, injunctive, and monetary relief. Named as defendants are Steven Gray (Prosecuting Attorney), Stanley Petton, Jr. (Assistant Deputy Sheriff), Leo McAlrath (Deputy Sheriff), and Scott Thomsen[1] (Associate Circuit Judge, Bollinger County).

Plaintiff alleges that the state is currently prosecuting him for child molestation in the case State v. Primer, 09BO-CR00318. Plaintiff is currently on bond. Plaintiff claims that defendants Petton, McAlrath, and Gray arrested him without a signed warrant and took a DNA saliva sample without his permission. Plaintiff maintains that his DNA sample has not been handled in accordance with proper police

---

[1] Plaintiff incorrectly spells Thomsen's last name as Thomason.

procedures. Plaintiff says that defendant Gray and sheriff officials recorded a telephone conversation between him and his significant other without first obtaining a court order. Plaintiff alleges that Judge Thomsen allowed plaintiff to be detained on the charges.

Plaintiff requests that this Court order the state court to terminate its criminal proceedings against plaintiff and to release him from custody. Plaintiff further requests that the Court "remove" defendant Gray and also to "charge" and "impeach" him. Plaintiff seeks declaratory judgment stating that his criminal prosecution is invalid. And plaintiff seeks unspecified monetary damages.

## Discussion

A. <u>Declaratory and Injunctive Relief Claims</u>

In <u>Younger v. Harris</u>, 401 U.S. 37, 46 (1971), the Supreme Court held that principles of equity, comity and federalism dictate that federal courts should generally refrain from enjoining ongoing state criminal proceedings, absent extraordinary circumstances where the danger of irreparable injury to the federal plaintiff is both great and immediate. The <u>Younger</u> doctrine applies whether the federal plaintiff seeks injunctive or declaratory relief, <u>Samuels v. Mackell</u>, 401 U.S. 66, 73 (1971), but only if the federal post-trial intervention would annul the results of the state

proceedings. Sartin v. Commissioner of Public Safety of the State of Minnesota, 535 F.2d 430, 433 (8th Cir.1976).

Upon review of this case, the Court finds that it should abstain from hearing plaintiff's claims for injunctive and declaratory relief pursuant to Younger. Plaintiff's claims arise out of ongoing state court proceedings, the proceedings implicate the state's authority to prosecute its criminal laws, and plaintiff will have an opportunity to challenge his arrest and the state's evidence at trial, on appeal, and in any post-conviction proceedings. Additionally, the Court finds no extraordinary circumstances that would justify interfering with the state's proceedings.

Furthermore, this Court lacks the authority to "charge" or "impeach" defendant Gray as a state prosecutor.

For these reasons, the Court will dismiss plaintiff's declaratory and injunctive relief claims.

B. Monetary Relief Claims

The complaint survives review as to plaintiff's claims against Gray, Petton, and McAlrath in their individual capacities. As a result, the Court will order the Clerk to serve process as to these individuals.

Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official. Will v. Michigan Dep't

of State Police, 491 U.S. 58, 71 (1989). To state a claim against a municipality or a government official in his or her official capacity, plaintiff must allege that a policy or custom of the government entity is responsible for the alleged constitutional violation. Monell v. Dep't of Social Services, 436 U.S. 658, 690-91 (1978). The instant complaint does not contain any allegations that a policy or custom of a government entity was responsible for the alleged violations of plaintiff's constitutional rights. As a result, the complaint fails to state a claim upon which relief can be granted as to defendants Gray, Petton, and McAlrath in their official capacities.

The complaint is legally frivolous as to defendant Thomsen because judges are "entitled to absolute immunity for all judicial actions that are not 'taken in a complete absence of all jurisdiction.'" Penn v. United States, 335 F.3d 786, 789 (8th Cir. 2003) (quoting Mireles v. Waco, 502 U.S. 9, 11-12 (1991)). As a result, the Court will dismiss defendant Thomsen from this action.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Gray, Petton, and McAlrath.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon defendant Thomsen because the complaint is legally frivolous as to this defendant.

**IT IS FURTHER ORDERED** that this case is assigned to Track 5B: Prisoner Standard.

An appropriate Order of Partial Dismissal shall accompany this Memorandum and Order.

Dated this 29th day of March, 2010.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE